IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| ROBERT L. O'CONNOR | § | |
| | § | |
| V. | § | NO. 1:04-CV-76 |
| | § | |
| JO ANNE B. BARNHART, | § | |
| Commissioner of Social Security | § | |
| Administration | § | |

**REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE
JUDGE REGARDING DEFENDANT'S MOTION TO REMAND**

This is an action under 42 U.S.C. § 405(g) for judicial review of a decision of the Commissioner of the Social Security Administration (hereafter "Commissioner') denying applications for disability insurance benefits and supplemental security income under Title II and XVI of the Social Security Act.

The matter is referred to the undersigned to hear and determine all non-dispositive matters, conduct an evidentiary hearing if necessary, and submit a report containing proposed findings of fact and recommendations for disposition. See Standing Referral Order in Social Security Cases, Beaumont General Order 00-02. See also 28 U.S.C. § 636(b)(1)(B) and Local Rules for the Assignment of Duties to United States Magistrate Judges.

## Judicial Review

The court's role is to determine whether the Commissioner applied the proper legal standards and whether the decision is supported by substantial evidence. See Leggett v. Chater, 67 F.3d 558, 564 (5th Cir. 1995); Anthony v. Sullivan, 954 F.2d 289, 292 (5th Cir. 1992). The court in reviewing the record should not, however, reweigh the evidence or review the ALJ's decision *de novo*. Haywood v. Sullivan, 888 F.2d 1462, 1466 (5th Cir. 1989); Neal v. Brown, 829 F.2d 528, 530 (5th Cir. 1987). Rather, it is for the Commissioner to weigh the evidence and to resolve any conflicts. See Anthony v. Sullivan, 954 F.2d at 295; Selders v. Sullivan, 914 F.2d 614, 617 (5th Cir 1990).

Because judicial review is limited to analysis of proper legal standards and sufficiency of supporting evidence, the court cannot properly reweigh evidence and make a disability determination. However, in certain circumstances, the court may remand the case for further administrative proceedings under 42 U.S.C. § 405(g).

## Proceedings

Plaintiff's complaint was filed on February 5, 2005. The Commissioner filed her answer on June 14, 2004 (See Docket No. 3).

Under local court order, plaintiff was required to submit a brief identifying the alleged errors committed by the Commissioner when denying plaintiff's application.

Plaintiff's brief, submitted on February 8, 2005, argued that the administrative law judge relied on testimony elicited by a defective hypothetical question.

Approximately ten months after filing her answer, the Commissioner filed "Commissioner's Motion to Reverse with Remand for Further Administrative Proceedings." See Docket No. 19, filed April 19, 2005.

### The Commissioner's Motion

The Commissioner stated that, although the administrative law judge (ALJ) ultimately imposed sitting and standing limitations when determining residual functional capacity, his hypothetical question to the vocational expert did not include those limitations. The Commissioner concedes that, "[b]ecause the RFC in the hypothetical question to the VE does not match the RFC that the ALJ ultimately found, the ALJ cannot rely on this testimony." Deft.'s Mem. at p. 2. Therefore, the Commissioner moves for remand under the fourth sentence of 42 U.S.C. § 405(g) for further administrative proceedings.[1]

Plaintiff has filed no opposition to the "Commissioner's Motion to Reverse with Remand for Further Administrative Proceedings."

---

[1] For a discussion of remand under sentence four of Section 405(g), see "Remands in Social Security Cases", infra at pages 4-5.

**Discussion and Analysis**

A.  **Remands in Social Security Cases**

42 U.S.C. § 405(g) provides for remand of social security appeals in two situations, referred to as "sentence four" and "sentence six" remands. In sentence four cases, after considering the pleadings and transcript of the record, the court may order remand in conjunction with a judgment affirming, modifying, or reversing the decision of the Commissioner. In sentence six cases, the court may order remand (a) when the Commissioner moves for remand before answering the complaint, or (b) when new, material evidence is adduced and good cause exists for the failure to present such evidence to the Commissioner. See 42 U.S.C. § 405(g).

A sentence four remand may issue upon the court's examination of the pleadings and transcript of the record. See 42 U.S.C. § 405(g). The plaintiff prevails in a sentence four remand because judgment is entered and the litigation is terminated. The court does not retain jurisdiction after remanding the case to the Commissioner. See Shalala v. Schaefer, 509 U.S. 292, 301, 113 S.Ct. 2625, 2631, 125 L.Ed.2d 239 (1993).

A sentence six remand differs from a sentence four remand in two respects: (A) First, the court may order a sentence six remand only before the Commissioner answers the complaint. Once the Commissioner files his answer, the court may

remand under sentence six only to order the Commissioner to consider new, material evidence which, for good cause, was not made part of the record. (B) Second, a sentence six remand for new evidence does not terminate the litigation. The court retains jurisdiction under the plain language of 42 U.S.C. § 405(g), which states that, after hearing additional evidence if so ordered, the Commissioner "shall file with the court any such additional and modified findings of fact and decision, and a transcript of the additional record and testimony upon which his action in modifying or affirming was based." 42 U.S.C. § 405(g).

**B. Responses to Motions under Local Rules**

Under local rules of the court, a party has 12 days from the date a motion is served to file opposition and any supporting documents. Any party may move to lengthen or shorten the time allowed for response. Following the allowed response time, the court will consider the motion for decision. Loc. R. CV-7(e).

**C. Application**

The Commissioner answered plaintiff's complaint on June 15, 2004 (See Docket No. 3.) The motion for remand was filed subsequent to the Commissioner's answer. Thus, only a sentence four remand is possible at this stage of the appeal.

When a claimant's non-exertional impairments limit a full range of available work, the ALJ may rely on expert vocational testimony to establish that work exists in

significant numbers which the plaintiff may perform. However, the ALJ's hypothetical question to the vocational expert must include all limitations which the ALJ ultimately recognizes. Bowling v. Shalala, 36 F.3d 431, 435 (5th Cir. 1994) (citing Morris v. Bowen, 864 F.2d 333, 336 (5th Cir. 1988); see also Masterson v. Barnhart, 309 F.3d 267, 273 (5th Cir. 2002) (ALJ properly relied on expert vocational testimony elicited by hypothetical question which incorporated all "disabilities supported by evidence and recognized by the ALJ").

The Commissioner requests judgment reversing her decision and remanding the case, because the ALJ's hypothetical question to the vocational expert did not incorporate all limitations which the ALJ ultimately recognized. Plaintiff has not opposed the motion. Because reversal and remand would serve the interests of justice, defendant's motion to remand under sentence four should be granted.

## RECOMMENDATION

The Commissioner's decision should be reversed and this action remanded for rehearing under the fourth sentence of 42 U.S.C. § 405(g).

## OBJECTIONS

Within ten (10) days after receipt of the magistrate judge's report, any party may serve and file written objection to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C). However, the relief requested by

defendant is unopposed by plaintiff.  Therefore, the court may act on the report and recommendation immediately.

      **SIGNED** this 19th day of April, 2005.

                                                            EARL S. HINES
                                                           UNITED STATES MAGISTRATE JUDGE